UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAN MAJELLA FREEMAN, a/k/a Jan Mejella Freeman,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. CV-10-0328-CI<br><br>ORDER GRANTING PLAINTIFF'S MOTION AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 13, 16.) Attorney Jeffrey Schwab represents Jan M. Freeman (Plaintiff); Special Assistant United States Attorney Richard Rodriguez represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 6.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff protectively filed for Supplemental Security Income (SSI) on June 13, 2007. (Tr. 21.) He alleged disability due to "rheumatoid arthritis, osteoarthritis, HLA/B27 positive, spondylyoarthropathy, hep C, hypertension, hyperlipidemia, chronic neck pain, GERD" (Tr. 124), with an amended onset date of June 13,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 1

2007. (Tr. 182.) After benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ), which was held in Wenatchee, Washington on, August 6, 2009. (Tr. 21.) ALJ Louis J. Volz, III, presided over the hearing via video conference from Metarie, Louisiana. Plaintiff, who was represented by counsel, and vocational expert John M. Yent (VE) testified. (Tr. 33-61.) The ALJ denied benefits on August 31, 2009, and the Appeals Council denied review. (Tr. 1-4, 21-30.) Plaintiff's claim is before this court pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve

conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 3

disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §416.920(a). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. Plaintiff was 47 years old at the time of the hearing and had an 10th grade education. (Tr. 44, 55.) He was unmarried and living with his eight year old son in a house. (Tr. 44.) Plaintiff reported a 20-25 year work history as a construction carpenter at the heavy exertional level.

(Tr. 126.) He stated he could no longer work due to orthopedic problems that restricted his range of motion and caused severe pain. He testified he had been restricted to lifting no more than five pounds by his treatment provider (Tr. 39), but he thought he could lift and carry about ten pounds close to his body when he was not having back spasms. (Tr. 48.) He also stated he could walk a block or two, sit for ten to fifteen minutes when having back spasms, and stand for about ten minutes. (Tr. 35-36.) He testified he also had constant headaches and frequent neck pain that restricted his range of motion and kept him from participating in most activities. (Tr. 49-50.)

### ADMINISTRATIVE DECISION

At step one, ALJ Volz found Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of June 13, 2007. (Tr. 23.) At step two, he found Plaintiff had severe impairments of "degenerative disc disease of the cervical spine; spondylosis of the cervical spine; and degenerative disc disease of the lumbar spine," impairments that the ALJ found subsume Plaintiff's claims of arthritis and spondyloarthropathy. *Id.* The ALJ found the medically determinable mental impairment of depression was non-severe, and evidence suggesting gastroesophageal, hyperlipidemia, and hypertension indicates these conditions are non-severe in that they do not cause significant functional restrictions. (Tr. 23-24.) Regarding claims of hepatitis C and HLA/B27, the ALJ found there was no specific reference to these conditions in the record and no evidence that they cause functional restrictions. (Tr.24.) At step three, the ALJ found Plaintiff's

impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 24.) Specifically, he found Plaintiff did not meet Listings 1.00, 4.00, 5.00 and 12.00. (*Id*.)   At step four, he determined Plaintiff had a residual functional capacity to perform unskilled, sedentary work. (Tr. 24-25, 29.)   In his discussion of the evidence, ALJ Volz found Plaintiff's subjective symptom testimony was not credible to the extent his alleged limitations were inconsistent with the RFC findings. (Tr. 25-26.) Based on the RFC and VE testimony, the ALJ concluded Plaintiff could no longer perform his past work as a construction carpenter as performed at the heavy exertional level. (Tr. 28.)  At step five, the ALJ found there were other unskilled sedentary jobs Plaintiff could perform, such as an order clerk, traffic clerk, and telemarketer. (Tr. 29.)  He concluded Plaintiff had not been under a disability as defined by the Social Security Act since the date his SSI application was filed.  (*Id*.)

**ISSUES**

The question presented is whether the ALJ's denial of benefits is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred at step two and step three. (ECF No. 14.)  He contends (1) the medical evidence establishing a severe mental impairment of depression triggered the ALJ's duty to order a psychological exam to further develop the record, and (2) the ALJ erred when he did not take medical expert testimony to determine if the medical evidence of severe degeneration of the spine combined with radiculopathy, neuropathy, lateral encroachment of the neural

foramina bilaterally, osteophyte formation, and the "high complexity" of his case, in combination, equal Listing 1.04A. (*Id.* at 6-8.)  Plaintiff also argues the Commissioner's credibility findings and hypothetical question at step five are not supported by substantial evidence. (*Id.* at 9-10.)

## DISCUSSION

**A.   Step Three: Listing Equivalency**

The Commissioner has promulgated a "Listing of Impairments" that are "so severe that they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." *Lester v. Chater,* 81 F.3d 821, 828 (9th Cir. 1995). If a claimant's impairment does not meet the criteria specified in the Listings, he or she is still disabled if the impairment equals a listed impairment. 20 C.F.R. § 416.920(d).  If a claimant has more than one impairment, the Commissioner must determine whether the combination of impairments is medically equal to any listed impairment. 20 C.F.R. § 416.926(a). A claimant's symptoms "must be considered in combination and must not be fragmentized in evaluating their effects." *Lester,* 81 F.3d at 829. A finding of medical equivalence must be based on medical evidence from acceptable medical sources only, *i.e.,* licensed psychologists or physicians designated by the Commissioner. 20 C.F.R. §§ 416.929(d)(3), .926 (c),(d).

Here, Plaintiff claimed he met or equaled Listing section 1.04A in a pre-hearing questionnaire, sent to him by the agency in June 2009. (Tr. 179-82.) Not only did he explain how the elements of the Listing were established by the medical evidence submitted, he

specifically identified objective imaging results to support his claim. He also identified non-exertional depression and stress as mental impairments contributing to the severity of his disability. (*Id.*) At the August 6, 2009, hearing, Plaintiff's representative again argued the medical evidence established severe cervical and lumbar spine impairments that either met or equaled Listing 1.04A. (Tr. 35-36.) In response to Mr. Schwab's argument setting forth his theory of why Plaintiff's combined impairments met the Listing, ALJ Volz stated, "Further the equaling Listing of 1.04, sir, I'm sure you're aware that I cannot determine, as a matter of law, equaling a listing [in the] absence of a medical expert. There is no medical expert, so equaling is not before me at present." (Tr. 36-37.)

The ALJ thus correctly confirms that "[l]ongstanding policy requires that the judgment of a physician or psychologist designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge . . . must be received into the record as expert opinion evidence and given appropriate weight." *SSR* 96-6p. The Commissioner advises when the evidence suggests a judgment of equivalence may be reasonable and a medical judgment as to medical equivalence must be made by the ALJ, a medical expert must be called. *Id*. Further, where a claimant presents evidence that a combination of impairments equals a listing, the ALJ must make findings sufficient to show he actually considered equivalence. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the ALJ's conclusory finding at step three that "evaluation of the medical evidence does not support that the claimant meets the criteria set forth by the listings as stated in

20 CFR Part 404, Subpart P, Appendix 1," (Tr. 24), is insufficient to show that he considered Plaintiff's articulated theory of equivalence.

Defendant's response that Plaintiff did not meet his burden to present evidence that he has met the "strict demands of the listing requirements" is not persuasive. (ECF No. 17 at 13-14.) While it is true ALJ Volz made brief findings regarding <u>meeting</u> the listing, he made no findings regarding <u>equivalence</u>. Further, the ALJ acknowledged a medical expert was necessary to determine equivalence after Plaintiff articulated, on the record, his basis for a finding of equivalence. The record shows Plaintiff met his step two burden by presenting objective medical evidence of severe spinal impairments and consistently reported limitations that could be caused by Listing level musculoskeletal impairments. Further (as discussed more fully below), the Commissioner's regulations and policy rulings, as well as our case law, are clear that all impairments (including attendant pain and mobility limitations) must be considered together in reviewing the "symptoms, signs, and laboratory findings about [a claimant's] impairments to determine whether the combination of impairments is medically equal to any listed impairment." 20 C.F.R. § 404.1526(b)(3); *Lester v. Chater*, 81 F.3d 821, 829, 830 n.6 (9th Cir. 1995); *SSR* 96-6p. Neither the ALJ nor this court possesses the requisite medical expertise to determine if Plaintiff's impairments (including pain) in combination equal one of the Commissioner's Listing.

Because the issue of medical equivalence was presented to the ALJ, and the ALJ acknowledged the insufficiency of the record to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 9

make a step three determination of equivalence, but failed to conduct a supplemental hearing with medical expert testimony, or make equivalence findings, the ALJ's step three findings are unsupported by substantial evidence and based on legal error. *Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir. 2001). Reversal and remand for medical expert testimony and new step three findings is required. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)*; Marcia*, 900 F.2d at 176 (equivalence determination requires multiple impairment analysis); *SSR* 96-6p.

**B.   Step Two - Depression as a Severe Impairment**

Plaintiff argues the medical evidence establishes depression is a severe impairment, the effects of which were erroneously disregarded throughout the sequential evaluation. (ECF No. 14.) At step two of the sequential evaluation, the ALJ determines whether a claimant suffers from a "severe" impairment, *i.e.,* one that significantly limits her physical or mental ability to do bask work activities.   20 C.F.R. § 416.920(c). To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.   20 C.F.R. § 416.908. The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe," or "disabling" as defined by the Social Security regulations. *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir.

1985).

As mentioned above, where non-severe impairments exist, the effects of severe and non-severe impairments must be considered together throughout the sequential evaluation process to determine how his impairments in combination affect his ability to work. 20 C.F.R. § 416.923. Here, the record shows Plaintiff's treating physician, Jae Park, M.D., diagnosed depression in February 2002. (Tr. 197-98.) As noted also by the treating rheumatologist, Dr. Sager, in February 2002, Plaintiff's degenerative disease and attendant pain and lack of mobility affected his ability to sleep, work, and interact with medical providers. (Tr. 194.) He opined Plaintiff was an "ideal candidate" for the pain clinic and multi-disciplinary therapies. (*Id.*) In August 2008, Plaintiff's treating medical provider assessed depression and started Plaintiff on anti-depressants. (Tr. 261-63.) For step two purposes, Plaintiff met his burden of providing objective medical evidence consisting of signs, symptoms, diagnoses, and medical records documenting treatment with medication during the relevant period. 20 C.F.R. § 416.926; *Webb v Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). Even though a finding of severe depression does not necessitate a finding of disability, the ALJ erred in disregarding the effects of depression and pain in his step three, four, and five findings.

Plaintiff might not succeed in proving his impairments equal the listing level or that he is unable to perform other work in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (*citing Tackett*, 180 F.3d at 1100). However, it is not conclusive that a reasonable ALJ, considering Plaintiff's physical

and psychological impairments (severe and non-severe) and symptoms, in combination along with medical expert testimony, would find Plaintiff "not disabled."  *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).  Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **GRANTED** and the matter is remanded to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).  On remand, Plaintiff may submit additional records relevant to the period at issue.  An ALJ shall conduct a new hearing, obtain medical expert testimony regarding Listing equivalence of Plaintiff's impairments in combination.  If Plaintiff does not meet or equal a Listing at step three, the ALJ shall continue the sequential evaluation, make new credibility and RFC findings based on the additional evidence, and make new step five findings based on additional VE testimony and a new hypothetical, if required by the additional evidence.

2.  Defendant's Motion for Summary Judgment **(ECF No. 16)** is **DENIED.**

3.  Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **Plaintiff,** and the file shall be **CLOSED**.

DATED February 6, 2012.

                        S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE